IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLESTON CLARK SINGLETARY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3476 |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants Judge Ed Emmett ("Judge Emmett"), Vince Ryan, and Kim Ogg's ("Ogg") Motion to Dismiss (Doc. 13), Ogg's Motion to Dismiss (Docs. 16, 17), Defendants Anna Russell ("Russell"), City Secretary, and City of Houston's ("City") Motion to Dismiss (Doc. 14), Defendants Ken Paxton ("Paxton") and Jim Davis' ("Davis") Motion to Dismiss (Doc. 15), Plaintiff's Motion to Consolidate (Doc. 50), Plaintiff's Motion for Appointment of Counsel (Doc. 51), Plaintiff's Motion for Extension of Time for Service (Doc. 10), Plaintiff's Motion to Revoke Consent to Proceed Before a Magistrate Judge (Doc. 45), Plaintiff's Motion to Stay (Doc. 48), and Judge Herb Ritchey ("Judge Ritchey"), Judge Olen Underwood ("Judge Underwood"), Judge Renee Magee ("Judge Magee"), and Justice George Hanks' ("Justice Hanks") Motion to Dismiss (Doc. 53). The court has considered the motions, the responses, all other relevant filings, and the

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 12, Ord. Dated May 17, 2017.

applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions be **GRANTED** and Plaintiff's pending motions be **DENIED AS MOOT.**

## I. Case Background

Plaintiff filed this action on November 22, 2016, alleging deprivations of his Sixth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § ("Section") 1983.[2]

In 2008, Plaintiff was followed through the security gate at his apartment complex by three to four police vehicles.[3] Plaintiff alleges that he did not see the police cars or hear sirens while he was driving and was "unaware police cars were attempting to detain him."[4] Plaintiff claims that he was falsely arrested by Defendant Officer S. Girard ("Officer Girard") for driving a stolen vehicle and evading arrest.[5] Plaintiff was taken into custody and charged with evading arrest.[6]

On August 19, 2008, Plaintiff claims he was "coerced" by his attorney, Paul Weinstein ("Weinstein") and Judge Stricklin to enter a guilty plea to avoid being sent to jail.[7] Plaintiff asserts that

---

[2] See Doc. 11, Pl.'s Am. Compl.
[3] See id. p. 5.
[4] Id.
[5] See id. p. 6.
[6] See id.
[7] See id.

he had "legal proof of his innocence."[8] Plaintiff alleges that Weinstein was ineffective in his role as Plaintiff's defense counsel and that his ineffective legal advice caused Plaintiff to file his appeal late.[9] Judge Ritchey allegedly failed to order Weinstein to officially withdraw as Plaintiff's counsel and failed to appoint Plaintiff counsel for his appeal.[10] Plaintiff contends that Justice Terry Jennings ("Justice Jennings"), Justice Jane Bland ("Justice Bland"), and Justice Hanks failed to rule on Plaintiff's motion for appointment of counsel and wrongfully dismissed Plaintiff's appeal.[11]

Continuing, Plaintiff alleges that he was falsely accused by his probation officer, Defendant Keith Black ("Black"), of violating the terms of his probation by drinking alcohol.[12] As a result, Plaintiff was sentenced to serve three months confinement in the Harris County jail.[13]

On February 7, 2012, a district attorney filed a motion to adjudicate due to fraud allegations against Plaintiff.[14] Judge Magee entered an order terminating Plaintiff's deferred

---

[8]  See id.

[9]  See id. p. 7.

[10] See id.

[11] See id.

[12] See id.

[13] See id.

[14] See id. p. 9.

3

adjudication on February 22, 2013.[15] As to Judge Underwood, Plaintiff alleges that he should have entered an order recusing Judge Ritchey.[16]

On March 22, 2013, Plaintiff appealed to First Court of Appeals of Texas and the appeal was later dismissed.[17] Plaintiff then filed a petition for discretionary review with the Texas Court of Criminal Appeals on May 30, 2014, which was refused on July 23, 2014.[18]

Plaintiff has brought claims against the following individuals in their individual and official capacities: Houston Police Officer Girard; Harris County District Attorney Ogg; an unnamed District Attorney; Jim Davis ("Davis") from the Office of Attorney General; Judge Stricklin; Judge Ritchey; Judge Magee; Judge Underwood; Justice Jennings, Justice Hanks, and Justice Bland from the First Court of Appeals of Texas; and Black.[19] Plaintiff has also sued his attorney, Paul Weinstein, in his individual capacity.[20] Plaintiff additionally names the Office of Attorney General of the State of Texas, Harris County Judge Emmett, and Harris County Attorney Vince

---

[15] See id.

[16] See id. p. 10.

[17] See id.

[18] See id.

[19] See id. p. 5.

[20] See id.

Ryan as defendants.[21]

As relief, Plaintiff asks the court to overturn his conviction due to due process violations by Defendants and requests $5,000,000 in actual damages and $15,000,000 in punitive damages.[22] Plaintiff also seeks dismissal of orders entered in his state criminal case.[23]

## II. Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F3d 912, 916 (5th Cir. 2001). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

## III. Analysis

A plaintiff can establish a prima facie case under Section

---

[21] See Doc. 1, Pl.'s Compl. p. 1.

[22] See id. p. 11.

[23] See id.

1983[24] by alleging 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law. Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Although the court has subject matter jurisdiction to hear claims arising under Section 1983, federal courts are "duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." Lane v. Haliburton, 529 F.3d 548, 565 (5th Cir. 2008)(quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

The Rooker-Feldman doctrine holds that an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. See Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment

---

[24] The provision reads, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

6

such that the court is "in essence being called upon to review a state-court decision." Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995). The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Moore v. Texas Ct. of Crim. App., 561 F. App'x 427, 430 (5th Cir. 2014)(unpublished)(quoting Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986)).

For example, in Liedtke, Liedtke filed suit against the State Bar of Texas for allegedly violating his civil rights through disciplinary proceedings brought against him in state court. Liedtke, 18 F.3d at 316-17. The Fifth Circuit held that the federal court did not have subject matter jurisdiction, stating that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." Id. at 317. The casting of a "complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[] appellate

jurisdiction to review, modify, or nullify final order[s] of state court[s].'" Id. (alterations in original) (quoting Kimball v. The Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)).

Here, Plaintiff's complaint, "stripped to the essentials, is an attack on the judgment of the state [court]." Liedtke, 18 F.3d at 318. Plaintiff alleges that he was denied due process by all those involved in his criminal proceedings in state court. Plaintiff's claims arise from the state court proceedings and are "inextricably intertwined" with the judgments reached in state court. The Rooker–Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiffs' Section 1983 claims.

**IV. Conclusion**

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for want of jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

8

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 30th day of October, 2017.

_____
U.S. MAGISTRATE JUDGE