UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLESTON CLARK SINGLETARY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3476 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a motion for amendment of judgment (Dkt. 63) and an amended motion to disqualify or recuse (Dkt. 64) filed by plaintiff Charleston Singletary. Having considered the motions and the applicable law, the court is of the opinion that the motion for amendment of judgment should be DENIED and the amended motion to disqualify or recuse should be DENIED AS MOOT.

### I. BACKGROUND AND ANALYSIS

In his motion for amendment of judgment, Singletary argues that the court's previous order (Dkt. 62) should be amended because "Judge Gary .H. Miller"[1] lied and made erroneous factual findings that will result in a manifest injustice. Dkt. 63. Particularly, Singletary argues that the court made a factual finding that Singletary revoked his consent to proceed before Magistrate Judge Nancy K. Johnson. *Id.* The court made no such finding. Rather, the court acknowledged that without Singletary's consent, Judge Johnson could not enter judgment in this case under 28 U.S.C. § 636(c).

---

[1] The court assumes Singletary refers to Judge Gray H. Miller when he mentions "Judge Gary .H. Miller."

Dkt. 62. But, as the court explained, Judge Johnson did not exercise any authority given under § 636(c). *Id.*

As the court has now explained in its previous two orders (Dkts. 59, 62), Judge Johnson recommended a disposition under § 636(b)(1). Dkt. 54; *see also* 28 U.S.C. § 636(b)(1) ("a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)"). Then, this court adopted that recommendation and entered a final judgment. Dkts. 55, 56.

The court did not need to rule on Singletary's motion to revoke consent (Dkt. 45) before Judge Johnson issued her recommendation because consent is not required under § 636(b)(1). Thus, even if the court made a factual finding that Singletary revoked his consent, which the court did not, that finding would be irrelevant because consent is not an issue under § 636(b)(1).[2] Accordingly, Singletary's motion for amendment of judgment is DENIED.

## II. SANCTIONS WARNING

For the third time in this proceeding, Singletary has argued that his rights were denied by Judge Johnson and Judge Miller in dismissing his case despite his motion to revoke consent to proceed before Judge Johnson. Dkts. 57, 61, 53. The court has explained that Judge Johnson acted under the authority 28 U.S.C. § 636(b)(1) and did not need Singletary's consent to make a recommendation to the court on a pending motion to dismiss. Dkts. 59, 62.

---

[2]Notably, Singletary argues that his rights under § 636(c) were violated. A factual finding that Singletary revoked his consent would actually *help* his case, as consent is required under that section. However, as the court has explained multiple times, Judge Johnson did not exercise any authority granted under § 636(c).

2

In its previous order, the court informed Singletary that if he wishes to challenge the court's ruling, he may follow the proper procedures and appeal the case to the United States Court of Appeals for the Fifth Circuit. Dkt. 62. Singletary ignored the court's order and filed another motion raising repetitive claims that his rights were denied because Judge Johnson and Judge Miller did not follow proper procedure under § 636(c). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

<u>Accordingly, Singletary is warned that his persistent abuse of the judicial system by raising arguments or claims that have been raised and addressed in his prior motions or proceedings before this court will result in the imposition of sanctions against him, including, but not limited to, monetary penalties and limitations on his ability to file further lawsuits, motions, or pleadings. Moreover, Singletary's continued conduct in pursuing frivolous or repetitive filings regarding the same subject matter will subject him to additional and progressively more severe sanctions.</u>

### III. CONCLUSION

Singletary's motion for amendment of judgment (Dkt. 63) is DENIED. Because the court has entered final judgment and there are no other rulings to be made, the amended motion to disqualify or recuse (Dkt. 64) is DENIED AS MOOT. The court again emphasizes that if Singletary wishes to challenge the court's ruling, he may follow the proper procedures and appeal the case to the United States Court of Appeals for the Fifth Circuit.

Signed at Houston, Texas on February 2, 2018.

_____
Gray H. Miller
United States District Judge